UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTIN SQUIZZERO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC., and OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | Civil Action No. 17-cv-10368-ADB |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT**

BURROUGHS, D.J.

Plaintiff, acting *pro se*, initiated this mortgage foreclosure action on February 13, 2017. [ECF No. 1-1]. After retaining counsel and filing an Amended Complaint on October 13, 2017, she now asks for leave to further amend the pleadings to add a claim asserting a violation of Mass. Gen. Laws Ch. 93A. [ECF No. 42]. Defendants oppose the motion on the grounds that Plaintiff unduly delayed seeking leave to amend and that the proposed amendment does not state a plausible claim under Chapter 93A.

**I.  Legal Standard**

Federal Rule of Civil Procedure 15 "reflects a liberal amendment policy," and "the district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (quoting LaRocca v. Borden, Inc., 276 F.3d 22, 32 n.9 (1st Cir. 2002)). A court may deny leave to amend for reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). A request to amend the complaint "requires the court to examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30–31 (1st Cir. 2006). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

## II. Chapter 93A Allegations

Plaintiff alleges that she first applied for a HAMP modification of her home mortgage loan in January 2012 with her servicer at the time, GMAC, who denied her application after Plaintiff made payments over a three-month period. [ECF No. 42-1 at ¶¶ 20−21]. In October 2012, servicing of Plaintiff's mortgage loan transferred to Ocwen. Id. ¶ 23. In January 2013, Plaintiff applied for a loan modification with Ocwen, which was denied in February 2013. Id. ¶¶ 26−27. Thereafter, Plaintiff "made one of the late payments," but Ocwen informed her that it would not accept such payments until the outstanding defaulted amounts were satisfied in full. Id. ¶ 28. Between October 2013 and June 2015, Ocwen allegedly contacted Plaintiff in excess of the number of times allowed under Massachusetts' debt collection regulations. Id. ¶ 29. In or around January 2014, Ocwen denied Plaintiff's third application for a loan modification and refused to accept less than full payment of the outstanding defaulted payments.[1] Id. at ¶¶ 30−31.

In June 2015, Plaintiff retained a law firm to assist her with the loan modification process. Id. ¶¶ 32−33. The law firm told Plaintiff that it was waiting for documentation from Ocwen to finalize the modification, but then ceased communicating with her for months before informing her that the application was denied for failure to make trial payments. Id. ¶¶ 34−35.

---

[1] The proposed second amended complaint does not state when Plaintiff submitted her third application for a loan modification.

2

Plaintiff again applied for a loan modification with Ocwen in October 2016, and completed the application package in accordance with Ocwen's document requests by November 2016. Id. ¶ 37. The application was denied in December 2016. Id. ¶ 38.

Plaintiff asserts that she has plausibly alleged a Chapter 93A violation based on Defendants' "(i) failing to make reasonable efforts to avoid foreclosure . . . ; (ii) unreasonably delaying the modification process to the point that the growing arrearages put modification out of reach for the Plaintiff, and not accepting partial payments in the interim; (iii) providing false and misleading information to the Plaintiff in the modification process;" and (iv) violating the provisions of 15 U.S.C. § 1692(d) ("Fair Debt Collection Practices Act" or "FDCPA"). Id. ¶ 58.

## II. DISCUSSION

Defendants oppose the motion for leave to amend on the grounds of undue delay and futility. The Amended Complaint, which was filed on October 13, 2017, acknowledged that Plaintiff intended to further amend the pleadings to add a Chapter 93A claim "following service of the thirty-day demand letter required under that statute, which was served [on both Defendants] on October 12, 2017." [ECF No. 23 at 6 n.1]. Defendants responded to the demand letters on November 9, 2017. [ECF No. 42-1 at ¶ 57]. After the parties appeared for a scheduling conference, the Court ordered that all motions to amend the pleadings be filed by July 9, 2018. [ECF No. 39].

Defendants argue that there is no reasonable basis for Plaintiff's delay until the deadline to request leave to amend. Although Plaintiff timely filed the instant motion for leave to amend on July 9, 2018, she possessed the requisite information to seek leave to amend the pleadings in November 2017. The Amended Complaint, which was filed in October 2017, plainly states that Plaintiff intended to file a second amended complaint following the service of her Chapter 93A

3

demand letters. She provides no explanation as to why she waited approximately eight months since Defendants responded to her demand letters to request leave. Although Plaintiff's motion is not late according to the scheduling order, she fails to provide "some valid reason for [her] neglect and delay." Neelon v. Krueger, 303 F.R.D. 433, 434 (D. Mass. 2014) (quoting Grant v. News Grp. Bos., Inc., 55 F.3d 1, 6 (1st Cir. 1995)) (denying leave to renew for undue delay although plaintiff sought leave prior to expiration of the deadline under the court's scheduling order).

Although the Court may excuse Plaintiff's undue delay considering that she complied with the scheduling order, the proposed amendment is nonetheless futile in almost all respects. To prevail on a Chapter 93A claim, Plaintiff must prove (1) "that a person who is engaged in trade or business committed an unfair or deceptive trade practice," and (2) "that the [plaintiff] suffered a loss of money or property as a result." Morris v. BAC Home Loans Servicing, L.P., 775 F. Supp. 2d 255, 259 (D. Mass. 2011) (quoting Brandon Assocs. v. FailSafe Air Safety Sys. Corp., 384 F. Supp. 2d 442, 446 (D. Mass. 2005)). Although there is no precise test for determining whether conduct is unfair or deceptive, "Massachusetts courts have laid out a number of helpful guideposts." Hanrahran v. Specialized Loan Servicing, LLC, 54 F. Supp. 3d 149, 154 (D. Mass. 2014). "Under Chapter 93A, an act or practice is deceptive 'if it possesses a tendency to deceive' and 'if it could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted.'" Walsh v. TelTech Sys., Inc., 821 F.3d 155, 160 (1st Cir. 2016) (quoting Aspinall v. Philip Morris Cos., 813 N.E.2d 476, 486–87 (Mass. 2004)). "[A]n act or practice is unfair if it falls 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness;' 'is immoral, unethical, oppressive, or unscrupulous;' and 'causes substantial injury to consumers,'" and the "conduct

4

must generally be of an egregious, non-negligent nature." Id. (quoting PMP Assocs. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975)).

As relevant here, "HAMP violations can give rise to a viable [Chapter 93A] claim if the activity would be independently actionable under Chapter 93A as unfair and deceptive." Morris, 775 F. Supp. 2d at 256. The applicable inquiry is:

> (1) [has Plaintiff] adequately plead that [D]efendant[s] violated HAMP; (2) are those violations of the type that would be independently actionable conduct under [C]hapter 93A even absent the violation of a statutory provision (*i.e.* are the violations unfair or deceptive); and (3) if the conduct is actionable, is recovery pursuant to [C]hapter 93A compatible with the "objectives and enforcement mechanisms" of HAMP?

Ording v. BAC Home Loans Servicing, LP, No. 10−10670, 2011 WL 99016, at *7 (D. Mass. Jan. 10, 2011) (quoting Whitehall Co. v. Merrimack Valley Distrib. Co., 780 N.E.2d 479, 483 (Mass. App. Ct. 2002)). Plaintiff "must plead more than that the HAMP guidelines were violated; [she] must plausibly allege that [Defendants'] actions were unfair or deceptive." Morris, 775 F. Supp. 2d at 262; Saade v. Pennymac Loan Servs., LLC, No. 15−12275, 2016 WL 4582083, at *7 (D. Mass. Aug. 31, 2016), adopted by, 2016 WL 6089684 (D. Mass. Oct. 17, 2016) ("not every technical violation of HAMP" exposes a servicer to Chapter 93A liability). "The few Chapter 93A claims that have survived motions to dismiss have alleged a pattern of misrepresentations, failure to correct detrimental errors, and/or dilatory conduct on the part of the servicer and/or bank that the courts have found could amount to unfair or deceptive practices." Okoye v. Bank of N.Y. Mellon, No. 10−11563, 2011 WL 3269686, at *9 (D. Mass. July 28, 2011).

Here, Plaintiff does not clearly state a HAMP violation, much less unfair or deceptive conduct. She applied to Ocwen for a loan modification in January 2013, and her application was denied one month later. She did not reapply with Ocwen until October 2016, and her application

5

was denied in December 2016, one month after it was completed in November 2016. The proposed amendment does not identify Ocwen's stated reasons for denying the applications, nor does it claim that Ocwen incorrectly applied the HAMP guidelines in reaching its decision.

Plaintiff also alleges that Defendants declined to accept any payments that were less than the full outstanding amount due, but she provides no grounds for the Court to reasonably infer that Defendants had a duty to accept such payments, or that failing to do so amounted to an unfair or deceptive practice. See MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013) (no duty "to consider a loan modification prior to foreclosure in the event of a default" absent an applicable provision in the mortgage agreement); Peterson v. GMAC Mortg., LLC, No. CIV.A. 11-11115-RWZ, 2011 WL 5075613, at *6 (D. Mass. Oct. 25, 2011) ("Under Massachusetts case law, absent an explicit provision in the mortgage contract, there is no duty to negotiate for loan modification once a mortgagor defaults."). Moreover, the proposed second amended complaint shows no pattern of delay or dilatory tactics. Plaintiff alleges that Ocwen requested that she supplement her application with additional documentation that she had already provided, but she does not identify the reason that Ocwen requested additional documents, what documents were sought, or the burden imposed on Plaintiff in responding to the requests. At most, these document requests added only one month between the filing of Plaintiff's second application and the rendering of a decision. Compare Hannigan v. Bank of Am., N.A., 48 F. Supp. 3d 135, 138–39 (D. Mass. 2014) (denying motion to dismiss where, among other things, plaintiff applied for HAMP modification in April 2010, and submitted additional documentation between November 2010 and March 2011, before being denied a modification); Moreira v. Citimortgage, Inc., No. 15-13720-LTS, 2016 WL 4707981, at *2 (D. Mass. Sept. 8, 2016) (denying motion to dismiss where "[f]rom January through May 2015, [servicer] repeatedly

requested [plaintiff] to provide the same documents and explanations of his income," and during that time, "[plaintiff] submitted seven supplements to his application with the requested documents and information"). In sum, "[i]t is not enough in the context of Chapter 93A for [Plaintiff] to allege that [D]efendants [are attempting to foreclose] on her property in violation of Massachusetts foreclosure law. Something more is required for [Plaintiff] to establish that the violation 'has an extortionate quality that gives it the rancid flavor[s] of unfairness [and deceptiveness].'" Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir. 2013) (quoting Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 55 (1st Cir. 1998)); see Charest v. Fed. Nat. Mortg. Ass'n, 9 F. Supp. 3d 114, 125 (D. Mass. 2014) ("'[F]ailure to modify a loan under HAMP, without more,' does not 'constitute a Chapter 93A violation.'" (quoting Okoye v. Bank of New York Mellon, No. CIV.A. 10-11563-DPW, 2011 WL 3269686, at *8 (D. Mass. July 28, 2011))).

For the foregoing reasons, Plaintiff's proposed amendment fails to present a plausible Chapter 93A claim, except perhaps to the extent that her separate claim under the FDCPA (Count II) may constitute a *per se* violation of Chapter 93A. See McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775 F.3d 109, 123 (1st Cir. 2014) ("[A] violation of the FDCPA not only *per se* violates the FTC Act, it also constitutes a *per se* Chapter 93A violation."); Lannan v. Levy & White, 186 F. Supp. 3d 77, 97 (D. Mass. 2016) ("The FDCPA is within that penumbra of statutory concepts of unfairness, as a violation of the FDPCA is a *per se* violation of Chapter 93A."). Defendants have already answered the Amended Complaint with respect to Count II [ECF Nos. 27, 34], but argue in two sentences that a Chapter 93A claim predicated on the alleged FDCPA violation is futile because Plaintiff was represented by counsel from June 2015 through October 2016, and the alleged misconduct did not occur within the statute of limitations.

7

[ECF No. 43 at 10]. Taken in the light most favorable to Plaintiff, the allegations do not clearly demonstrate that Plaintiff was represented by counsel through October 2016. Defendants do not explain the significance of Plaintiff's representation by counsel, or provide any supporting case law or other legal authority regarding the application of the statute of limitations to allow the Court to conclude that the proposed amendment is futile in this regard.[2]

Accordingly, Plaintiff's request for leave to amend [ECF No. 42] is <u>ALLOWED</u> in part and <u>DENIED</u> in part. Plaintiff is granted until <u>August 8, 2018</u> to file the second amended complaint as proposed in [ECF No. 42-1], except to the extent that Plaintiff must partially strike the allegations under Count III to reflect that this claim is predicated solely on the alleged violation of the FDCPA that is described under Count II.

**SO ORDERED.**

August 1, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] Defendants may renew their challenges to the Chapter 93A claim on a motion to dismiss or dispositive motion.